

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Department of Agriculture
Austin, Texas

Attention:  Mr. O. A. Kirkland

Dear Sir:

Opinion No. O-5763
Re: Legality relative to the pos-
sibility of the establishment
of county enforcement of the
weights and measures law and
the payment of necessary sal-
aries and operating expenses
involved in such enforcement
by a county.  And related
questions.

This will acknowledge receipt of your letter of re-
cent date requesting the opinion of this department upon the
captioned subject and related questions. We quote your letter
as follows:

"This Department has frequent inquiries rela-
tive to the possibility of the legal establishment
of county enforcement of our weights and measures
laws and the payment of necessary salaries and oper-
ating expense involved in such enforcement by a
county.

"One of the more heavily populated counties
in this State is desireous of having a county seal-
er of weights and measures and the question of the
legality of such activities has been brought up and
this Department has been asked to get this informa-
tion as soon as possible.

"The county to which we refer has one large
city with a very active city weights and measures
department whose activities are confined to the
limits of said city. This leaves the smaller towns

and rual sections in the county unprotected and in many instances both the merchants and the consumers suffer for the lack of such law enforcement. The state does not provide the necessary facilities for rendering this service.

"The smaller incorporated towns and villages in this particular county are too small to support individual city weights and measures departments and. have offered their support to the county in helping to pay the expenses of a county sealer of weights and measures.

"We will appreciate a prompt reply to the following questions as the county budget for 1944 is being prepared at the present time and they are anxious to include this service in same if in your opinion the matter oan be handled in a legal manners.

"1. If a county has an assistant county auditor, a part of whose duties it is to check weight and measure, receipts and disbursements, of various commodities and supplies being purchased by the county and distributed to different county departments and to test, maintain, and adjust the weighing and measuring devices owned and used by the county, would it be legal for the Commissioner of Agriculture to appoint said assistant county auditor as sealer of weights and measures and for him to spend the remainder of his time enforcing the state weights and measures laws throughout the county, said county paying his salary and necessary operating expenses.

"2. Would it be legal for a county sheriff of his deputy to enforce the weights and measures laws of this state within his own county either with or without said sheriff or deputy sheriff being appointed by the Commissioner of Agriculture as a sealer of weights and measures.

"3. If the Commissioner of Agriculture appoints as state inspector, the local sealer of one of the cities of this state, would said sealer have legal authority to carry on such duties outside the limits of his own city."

Article 5705, Vernon's Civil Statutes of Texas, provides:

"The Commissioner of Markets and Warehouses shall have power and authority to enforce, or cause to be enforced, any provision of this chapter. He shall appoint a chief deputy, who shall be known as Chief Deputy of Weights and Measures. In the absence of inability of the Commissioner, such deputy may perform any duty required by the provisions of this chapter. The Commissioner shall also appoint such additional deputies from time to time to serve as sealers of weights and measures, as may be provided for by appropriation. He may also designate such inspectors, lecturers, or employes, serving under him as Commissioner, as sealers of weights and measures."

The office of Commissioner of Markets and Warehouses, the Market and Warehouse Department, and the Weights and Measures, were abolished by Acts 1925, 39th Legislature of Texas, ch. 13, p. 35, Sec. 1-6, and their duties and functions were vested by said Act in the Commissioner of Agriculture. Also see Article 5611, Vernon's Civil Statutes of Texas.

As indicated by our underscoring in quoting Article 5705, the Commissioner of Agriculture does not have an unlimited power to appoint sealers of weights and measures. Instead the statute limits such appointments to those as may be provided for by appropriation or to the inspectors, lecturers, or employees serving under him as Commissioner. Since an assistant auditor or city sealer do not come within this group that may be appointed as sealers, we answer your first and third questions in the negative. For the same reasoning we hold that a sheriff or his deputy cannot be appointed as such a sealer.

Public officers possess only such powers as are expressly conferred upon them by law or are necessarily implied from the powers so conferred. Bryan's Admr. v. Harvey's Admr., 11 Tex. 311; Duncan v. State, 67 S. W. 903; State v. Gage, 176 S. W. 928, writ of error refused. We have found no statute conferring either specifically or by implication any authority upon the sheriff or his deputies to enforce the weights and measures laws. We do not think the powers given to a sheriff or his deputy as peace officers gives them any authority to perform the administrative duties of a sealer in enforcing these weights and

Department of Agriculture, page 4

measures laws. We therefore hold that a sheriff or his deputy cannot enforce these laws.

We realize the need for more sealers to enforce these said laws and are in sympathy with the situation as presented in your request. The remedy however must come from the Legislature.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (s)  Robert O. Koch
Assistant

ROK:db
ROK:fo

APPROVED JAN . 10, 1944
(s) Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY (S) BWB, CHAIRMAN